**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **GUILLERMO LOPEZ and AYLIN GONZALEZ,** | § § § | |
| *Plaintiffs*, | § § | |
| **v.** | § § | **MO:26-CV-00049-DC-RCG** |
| | § § | |
| **JUAN IGNACIO BONILLA; ARI FLEET LT; and NPK ACCESS SOLUTIONS, LLC;** | § § § | |
| *Defendants.* | § § | |

<u>**REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE**</u>

BEFORE THE COURT is Defendant Ari Fleet LT's Motion to Set Aside Default Judgment. (Doc. 10).[1] This matter is before the undersigned United States Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court **RECOMMENDS** Defendant's Motion to Set Aside Default Judgment be **GRANTED**. (Doc. 10).

## I.    BACKGROUND

This is a personal injury suit arising out of a motor vehicle accident. On July 18, 2025, Plaintiffs Guillermo Lopez and Aylin Gonzalez ("Plaintiffs") commenced this action in the 358th Judicial District Court of Ector County, Texas, against Defendants Juan Ignacio Bonilla ("Defendant Bonilla"), Ari Fleet LT ("Defendant Ari Fleet"), and NPK Access Solutions, LLC ("Defendant NPK"). (Doc. 1-1 at 1). On August 21, 2025, Plaintiffs amended their Petition and brought claims for negligence; gross negligence; negligence per se; negligent hiring, training, supervision, retention, monitoring, and entrustment; and ratification. *Id*. at 16–21. On November 13, 2025, before the case was removed to this Court, the presiding state court judge

---

1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

granted Plaintiffs' Motion for Entry of Default Judgment against Defendant Ari Fleet. (Doc. 1-1 at 25). On February 13, 2026, Defendants Bonilla and NPK removed this case to federal court. (Doc. 1). Defendant Ari Fleet explains it learned of the lawsuit and default in early February of this year and promptly sought counsel to correct the default. (Doc. 10 at 11). On March 27, 2026, Defendant Ari Fleet filed the instant Motion to Set Aside the Default Judgment. *Id*. Plaintiffs never filed a Response. Accordingly, this matter is ripe for disposition.

## II.   DISCUSSION

As preliminary matter, "[o]nce a case is properly removed, the federal court maintains exclusive jurisdiction and may entertain a motion for relief from a state court default judgment under Rule 60(b) of the Federal Rules of Civil Procedure." *Ramos v. Carter Express Inc.*, No. L-12-54, 2012 WL 13173036, at *2 (S.D. Tex. July 23, 2012); *Fed. Deposit Ins. v. Yancey Camp Dev.*, 889 F.2d 647, 648 (5th Cir. 1989) ("A state court judgment in a case properly removed to federal court—like the one before us—can be vacated under Federal Rule of Civil Procedure 60(b)."); *Myer v. Dollar Gen. Corp.*, No. 10-CV-151, 2011 WL 13323914, at *2 (E.D. Tex. May 6, 2011). Thus, this Court may properly consider Defendant Ari Fleet's Motion to Set Aside Default Judgment. (*See* Doc. 1 at 2).

According to Federal Rules of Civil Procedure 55(c), "the court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Rule 60(b) allows a court to grant relief from a final judgment under any of six provisions, including "mistake, inadvertence, surprise, or excusable neglect." In considering a motion to set aside a default judgment, the Fifth Circuit has "interpreted Rule 60(b)(1) as incorporating the Rule 55 'good-cause' standard applicable to entries of default." *In re OCA, Inc.*, 551 F.3d 359, 369 (5th Cir. 2008); *Lacy v. Sitel Corp*, 227 F.3d 290, 291–92 (5th Cir. 2000) ("Under Federal Rules

of Civil Procedure 55(c) and 60(b), a district court may set aside an entry of default or default judgment for 'good cause.'").

To determine whether good cause exists, the Fifth Circuit has established three main factors to consider: (1) "whether the defendant was willful," (2) "whether setting it aside would prejudice the adversary," and (3) "whether a meritorious defense is presented." *Lacy*, 227 F.3d at 292. "Courts may also consider whether the public interest was implicated, whether there was significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default." *In re OCA*, 551 F.3d at 369 (quoting *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008)). However, a "finding of willful default ends the inquiry, for 'when the court finds an intentional failure of responsive pleadings there need be no other finding.'" *Lacy*, 227 F.3d at 292; *Jenkens & Gilchrist*, 542 F.3d at 120. The Court notes that "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Savs. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Thus, "district court should grant the motion [to set aside the default] if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings." *In re Dierschke*, No. 690–6023, 1992 WL 333904, *5 (N.D. Tex. Feb. 25, 1992), *aff'd*, 975 F.2d 181 (5th Cir. 1992).

Defendant Ari Fleet contends the Court's analysis should be conducted under the less-stringent Rule 55(c) standard because Plaintiffs' motion in state court was titled "Motion for Entry of Default," and the order signed by the state court is not a final judgment of default. (Doc. 10 at 6). While this may be true, as far as this Court can tell from the records before it, the state court "considered Plaintiff's Motion for Entry of Default Judgment against Defendant Ari Fleet, LT . . . [and] ORDERED that Plaintiff's Motion for Entry of Default Judgement [sic] against

3

Defendant Ari Fleet, LT is GRANTED." (Doc. 1-1 at 25) (emphasis in original). Accordingly, the Court will apply the Rule 60(b) standard but still recommend the default judgment be set aside. *United States v. Tellez*, 678 F. Supp. 2d 437, 439 (W.D. Tex. 2009) ("[C]ourts apply essentially the same standard to motions to set aside a default and a judgment by default, though the former is more readily granted than a motion to set aside a default judgment." (quoting *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992))).

First, the Court finds Defendant Ari Fleet was not willful or intentional but rather its default was a result of reasonable mistake. Defendant Ari Fleet explains their employee, Keith Ferguson, who is responsible for handling service of lawsuits, had been pulled away from his normal duties in the Legal Department to handle an urgent project for the company's Licensing Department. (Doc. 10 at 3). This caused him to miss coordinating Defendant Ari Fleet's response to the lawsuit, as he normally would. *Id*.; (Doc. 10-1). This shows Defendant Ari Fleet's failure to appear was simply accidental. Further, going to an additional factor the Court can consider, Defendant Ari Fleet acted expeditiously to correct the default. When Defendant Ari learned of the lawsuit in February, it quickly reached out to Plaintiffs' attorney trying to get the default vacated by consent, then filed the instant Motion in March, just one month later. *Id*. at 7, 11.

Second, there is "no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case." *Lacy*, 227 F.3d at 293 (internal quotations omitted). "Thus, mere delay does not alone constitute prejudice. Rather, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id*. (internal quotations omitted). Because Plaintiffs failed to file a response, they made no such showing. This factor weighs in favor of setting aside the default judgment.

Finally, Defendant Ari Fleet has laid out a meritorious defense to Plaintiffs' claim. Defendant Ari Fleet asserts its sole connection to this suit is that it leased the subject vehicle to Defendant NPK in the normal course of its business, and Defendant Ari Fleet had no involvement in who drove the vehicle involved in the accident, how it was driven, or where it was operated. (Doc. 10 at 3). Further, Defendant Ari Fleet and Defendant NPK are parties to an agreement that requires Defendant NPK to defend and indemnify Defendant Ari Fleet for claims precisely like this one, which arise from Defendant NPK's operations of the leased vehicle. *Id*. Defendant Ari Fleet therefore explains Plaintiffs' claims against it are preempted by the Graves Amendment[2] because Defendant Ari Fleet, as the lessor of a motor vehicle in the business of leasing vehicles, cannot be liable for damages caused by the operation of the vehicle during the term of the lease. *Id*. at 7–8. A "defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Jenkens & Gilchrist*, 542 F.3d at 122 ("The underlying concern is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default."). Here, the Court finds Defendant Ari Fleet has a potentially meritorious defense, which cuts in favor of setting aside the default judgment.

---

2. Defendant Ari Fleet argues it constitutes an owner under the Graves Amendment:

> (a) An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if—
>> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C.A. § 30106(a).

Accordingly, pursuant to Rule 60(b), the Court finds good cause exists to set aside Defendant Ari Fleet's default judgment.

As a final note, under Local Rule CV-7(d)(2), any response to a dispositive motion must be filed "not later than 14 days after the filing of the motion." The rule further provides that "[i]f there is no response filed within the time period by this rule, the court may grant the motion as unopposed." LOCAL COURT RULE CV-7(d)(2). Here, Defendant Ari Fleet's Motion was filed on March 27, 2026, and notice and service of the Motion were provided to Plaintiffs via the Court's CM/ECF system. (*See* Doc. 10 at 13). Under this Court's rules, Plaintiffs' response was due April 10, 2026. Plaintiffs did not respond within the 14-day period, nor have Plaintiffs responded since the deadline passed. The Court therefore concludes there is no opposition to the relief sought by way of the Motion. *See Lamonica v. Allstate Fire & Cas. Ins.*, No. SA-19-CV-0152, 2020 WL 5358499, at *1 (W.D. Tex. Feb. 7, 2020). Thus, the Court may grant Defendant Ari Fleet's Motion as unopposed. (Doc. 10).

### III.    RECOMMENDATION

For the aforementioned reasons, the Court **RECOMMENDS** Defendant Ari Fleet's Motion to Set Aside Default Judgment be **GRANTED**. (Doc. 10). Further, the Court **RECOMMENDS** the Order Granting Default Judgment against Defendant Ari Fleet entered on November 13, 2025, be set aside and **VACATED**. Finally, should this Report and Recommendation be adopted, the Court **RECOMMENDS** Defendant Ari Fleet be **ORDERED** to file a responsive pleading to the Complaint **within 10 days of the entry of the Order adopting**.

SIGNED this 5th day of May, 2026.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

7

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).